NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THOMAS J. KOCON,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1560

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-2719, Judge Joseph L. Falvey, Jr.

---

Decided:  September 12, 2023

---

THOMAS J. KOCON, Central Falls, RI, pro se.

JOSHUA DAVID TULLY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, PROST, and HUGHES, *Circuit Judges*.

PER CURIAM.

Thomas J. Kocon appeals to this court from a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). This court's ability to review Veterans Court decisions is strictly limited to certain types of issues. Because Mr. Kocon's appeal does not raise the types of issues we can review, we must dismiss his appeal for lack of jurisdiction.

I

Mr. Kocon served honorably in the U.S. Army from May 1970 to January 1972. In 2003, he was granted disability pension benefits for non-service-connected schizophrenia, and in 2004, he underwent a Department of Veterans Affairs ("VA") psychiatric examination confirming he had chronic schizophrenia, paranoid type.

In 2017, Mr. Kocon filed a claim for service-connected disability compensation for his schizophrenia. A VA regional office denied his claim because it found no connection between his condition and his military service.

Mr. Kocon appealed the regional office's denial to the Board of Veterans' Appeals ("Board"). In May 2021, the Board remanded his claim for further development, including obtaining additional records and conducting a new VA mental-health examination. The VA then requested that Mr. Kocon provide the names and addresses of private medical care providers who had treated him for schizophrenia. In response, Mr. Kocon identified Dr. Healey as having examined him in 1968 during a high school gym class. The record reflects that the VA attempted to obtain records from Dr. Healey but was unable to do so because he was deceased.

In January 2022, Mr. Kocon received his new VA mental-health examination. The examiner diagnosed him with schizophrenia, paranoid type. The examiner also (1) found no evidence linking Mr. Kocon's condition to his military service, (2) noted that Mr. Kocon had no history of mental-health or behavioral issues while in the military and that he rapidly advanced in rank, and (3) observed that there were no records of Mr. Kocon seeking help or treatment for any unusual thinking before or during his military service.

Mr. Kocon's claim then returned to the Board. He argued that his schizophrenia preexisted and was aggravated by his service, but the Board rejected that argument, relying on the absence of any psychological condition noted on Mr. Kocon's service entrance examination. SApp'x 11.[1] Although the Board addressed Mr. Kocon's statements concerning Dr. Healey's examination of him in high school, it observed that there was no record of a diagnosis in high school and that Dr. Healey had since died. *See* SApp'x 11. The Board also found insufficient evidence that Mr. Kocon's condition began during or was caused by his military service, noting that (1) his service records included no complaint, diagnosis, or treatment for schizophrenia or any other mental condition; (2) his service exit examination was marked normal under psychiatric clinical evaluation; and (3) review of his military personnel record showed no remarks indicating that he was having difficulty—indeed, he was repeatedly promoted. SApp'x 12. The Board also relied on findings from the January 2022 medical examination. SApp'x 13–15. Ultimately, the Board denied Mr. Kocon's claim because there was not enough evidence to show a connection between his condition and his military service. *See* SApp'x 16.

---

[1] "SApp'x" refers to the supplemental appendix submitted with the government's informal brief.

Mr. Kocon appealed the Board's decision to the Veterans Court. The Veterans Court addressed two issues—first, the Board's determination that Mr. Kocon's condition did not preexist service; and second, the VA's duty to assist Mr. Kocon in obtaining evidence necessary to substantiate his claim. On the first issue, the Veterans Court found no clear error in the Board's determination. SApp'x 7 (discussing the Board's reliance on the January 2022 VA mental-health examination and the lack of psychiatric symptoms on Mr. Kocon's service entrance and exit examinations). On the second issue, the Veterans Court saw no error in the VA's efforts to assist Mr. Kocon. The court observed that the VA tried to obtain records from Dr. Healey but that he was deceased. And, although Mr. Kocon had seemingly objected that the VA did not try to contact two of his friends who were allegedly aware of his condition before he entered service, the Veterans Court determined that (1) there was no evidence that either of these friends created any relevant records, and (2) there was no evidence that Mr. Kocon sufficiently identified any such potential records to the VA. SApp'x 7–8. Accordingly, the Veterans Court affirmed the Board's decision. SApp'x 8.

Mr. Kocon timely appealed the Veterans Court's decision to this court.

II

As we referenced above, Congress has placed strict limits on this court's ability to review Veterans Court decisions. We can review only pure questions of law (for example, what a statute means) or constitutional issues. We cannot review challenges to how the Board determined the facts of a given case or how the Veterans Court applied the law to the case's facts. *See* 38 U.S.C. § 7292(c), (d).

Mr. Kocon's appeal raises only factual issues (which we are unable to review) or issues that do not impact his claim. For example, Mr. Kocon seems to argue that his schizophrenia preexisted his service. This is a factual issue that

we cannot review.  Mr. Kocon also seems to argue that the VA failed to satisfy its duty to assist him.  This argument also involves factual issues that we cannot review.  *See, e.g., Lynch v. McDonough*, No. 21-2224, 2022 WL 726955, at *3 (Fed. Cir. Mar. 10, 2022) (nonprecedential).  Mr. Kocon finally seems to argue that he should not have been drafted into service in the first place.  Setting aside whether this court could even review such an issue, this issue does not impact the resolution of Mr. Kocon's underlying claim for service-connected disability compensation.

Because Mr. Kocon's appeal does not raise any pertinent issues within our limited jurisdiction, we must dismiss his appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.